NICK S. PUJJI (Bar No. 259571)
nick.pujji@dentons.com
JACQUELINE M. WHIPPLE (*Pro Hac Vice Applicant*)
jacqueline.whipple@dentons.com
ISABELLA C. HSU (Bar No. 306178)
isabella.hsu@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924

Attorneys for Defendant
and Counter Plaintiff
**DENISE WILSON**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. McCOOL,<br><br>  Plaintiff,<br><br>  v.<br><br>DENISE WILSON; ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS, LLP; CLARK LIBENSON; THE PRACTICE CERTIFIED PUBLIC ACCOUNTANTS, INC.; ADAM OCHOA; and DOES 1 through 10, inclusive,<br><br>  Defendants. | No. 5:19-CV-02499<br><br>Assigned to: Hon. Philip S. Gutierrez<br><br>Courtroom: 6A<br><br>**DECLARATION OF NICK S. PUJJI IN SUPPORT OF DEFENDANT DENISE WILSON'S REPLY IN SUPPORT OF MOTION FOR ORDER APPOINTING RECEIVER** |
| DENISE WILSON,<br><br>  Counter Plaintiff,<br><br>  v.<br><br>JAMES D. McCOOL, DESERT JET HOLDINGS, LLC<br><br>  Counter Defendants. | Date:   May 13, 2020<br>Time:   10:00 a.m.<br>Place:  Courtroom 6A (via video)<br><br>Complaint Filed: December 30, 2019<br>Trial Date:   None Set |

## DECLARATION OF NICK S. PUJJI

I, Nick S. Pujji, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am a Partner at the law firm of Dentons US LLP. I am the attorney of record for Defendant and Counter Plaintiff Denise Wilson ("Denise") in the above-captioned litigation. This Declaration is submitted in support of Denise Wilson's Reply In Support of Motion For Order Appointing Receiver ("Motion"). This Declaration also supports the Unopposed Application to File Under Seal certain declarations and exhibits. I have personal knowledge of the facts stated in this Declaration and, if called as a witness, I could and would testify competently to each fact.

2. On March 17, 2020, Denise filed her Counterclaim [Dkt. No. 31] and served Desert Jet Holdings, LLC on or about March 23, 2020 [Dkt. No. 35].

3. The following week, on April 3, 2020, my colleague, Isabella C. Hsu, emailed Plaintiff's counsel requesting a conference of counsel pursuant to Local Rule 7-3 to discuss Denise's intent to file a motion to appoint a receiver. The email requested a conference call on or before Monday, April 6, 2020. A true and correct copy of the April 3, 2020, email is attached as **Exhibit A**.

4. Since January 2020, both before and after Denise filed her Counterclaims, I have regularly reached out to McCool's legal team to propose non-litigation options to resolve this matter and/or operate the Company in the meantime. After Ms. Hsu's email was sent on April 3, 2020, I followed up that same day with a member of McCool's legal team, Jayne E. Juvan, to see if McCool had an updated non-litigation proposal, as McCool and his counsel have repeatedly offered to send an updated "term sheet," but to date have not done so. Since January 2020, including on February 24, 2020 and April 6, 2020, I have extended multiple invitations to go to mediation or work with a third-party to govern the Company and/or find a resolution. All mediation invitations have been rejected by McCool.

5. On Wednesday, April 8, 2020, McCool's Counsel (John Lewis) responded with a request for the conference call to take place on Friday, April 10, 2020 and I spoke with McCool's counsel on April 10, 2020 to discuss the basis for the Motion. During this call, McCool's counsel said his client would consider this request and further requested an introductory call with proposed receiver Robert P. Mosier, which I facilitated.

6. The introductory call with proposed receiver Robert P. Mosier took place on April 17, 2020, during which counsel for the parties had an opportunity to interview and speak with Mr. Mosier to discuss his qualifications and the scope of his appointment as receiver. During this collegial call, the parties discussed the possibility of Mr. Mosier being appointed as a receiver to take over the whole Company, as well as a limited scope receiver (provisional director). During the call, Counsel for McCool (John Lewis) stated he would speak to his client regarding the potential stipulated appointment of Mr. Mosier, and would follow up with me and Mr. Mosier—but Mr. Lewis never did.

7. After weeks passed and McCool supposedly still had no answer as to whether he would stipulate to the appointment of a receiver in any respect, during a call with Counsel for McCool on April 24, 2020, I indicated that Denise would be proceeding with her request for a receiver.

8. On Saturday, April 25, 2020, I received an urgent update on the status of Desert Jet's financials from another member of McCool's legal team (Jayne Juvan) to pass along to Denise, (since McCool and his agents continue to ignore Denise directly). This email acknowledges that Desert Jet only recently opened new deposit accounts to run their operations (because prior accounts had been suspended/closed), that McCool appointed Jared Fox as CEO of Desert Jet Holdings, LLC (without Board approval) so that McCool could have Desert Jet assume another loan from him (without Board approval). A true and correct copy of the email was previously filed under seal on May 5, 2020 [Dkt. No. 56] as

- 3 -

1  Exhibit A to the Declaration of Nick S. Pujji Re Ex Parte Application to Appoint
2  Receiver for Desert Jet Holdings, LLC for Defendant Denise Wilson [Dkt. No. 41-
3  1].

4      9.    I believe that McCool and his counsel have delayed for weeks
5  regarding our proposal to appoint a receiver in order to buy time to rectify certain
6  issues at the Company and strengthen their defense to Denise's anticipated request
7  to appoint a receiver, as confirmed by their rushed Saturday update email. Their
8  delays, along with their refusal to mediate, now appear to have been stall tactics to
9  delay the filing of Denise's request for a receiver.

10      10.    After learning of McCool's further misconduct on Saturday, April 25,
11  2020, Denise filed her ex parte request the following Monday, April 27, 2020. [Dkt.
12  No. 41].

13      11.    McCool's counsel has advised that McCool does not oppose the
14  request to file certain documents containing Company information under seal. A
15  true and correct copy of the email correspondence where counsel for McCool
16  indicates non-opposition is attached as **Exhibit B**.

17      12.    Pursuant to Local Civil Rule 79-5.2.2, Denise applies for leave to file
18  the documents and redacted portions of documents identified in the concurrently
19  filed Unopposed Application For Leave to File Under Seal out of an abundance of
20  caution and so as to avoid an actual or apparent breach of Section 10.2 of the
21  August 14, 2018 Limited Liability Company Agreement of Desert Jet Holdings,
22  LLC (the "Company Agreement"). Good cause exists to grant this narrowly
23  tailored request to seal from the public the specific and detailed information
24  contained therein regarding Desert Jet Holdings, LLC and the subsidiary
25  companies' financial condition and strategies/plans regarding the Company's
26  finances and operations. In particular, **Exhibits E, F, G, and H** to the Denise Decl.
27  contains entirely non-public, proprietary business, and trade-secret information
28

concerning the Company's finances. Fed. R. Civ. P. 26(c)(1)(G); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 7, 2020, in Los Angeles, California.

_____
Nick S. Pujji